IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LAVALAND, LLC,**

**Plaintiff,**

**v.**

**ERIE INSURANCE EXCHANGE,**                    **No. 08-771-DRH**

**Defendant.**

<u>**MEMORANDUM AND ORDER**</u>

**HERNDON, Chief Judge:**

## I.   <u>Introduction</u>

Before the Court is Defendant's motion to dismiss for lack of subject matter jurisdiction (Doc. 7).  Plaintiff has not filed a response to Defendant's motion but instead has filed a motion for leave to amend its Complaint (Doc. 11).  For the reasons discussed below, the Court determines that it does not have subject matter jurisdiction and therefore **GRANTS** Defendant's motion to dismiss (Doc. 7).

## II.   <u>Background</u>

Plaintiff Lavaland, LLC ("Lavaland") filed a two count complaint against Erie Insurance Exchange ("Erie").  Lavaland alleges that it owned a two story commercial building in Belleville, Illinois which was insured by Erie (Doc. 2 ¶¶4 & 5).  On March 12, 2008, the commercial building was accidently ignited by roofing contractor, Reinhardt Building & Roofing, Inc. when it attempted to install a bituminous rubber torch down roof (*Id*. at ¶6).  Lavaland alleges that Erie adjuster Bruce Kauffman told Lavaland owner Alba Vusch that Erie would attempt to repair

the smoke damaged wood, but if it was unable to do so that Erie would replace the damaged wood (*Id*. at ¶ 8).  All Clean Restoration Services, Inc. was hired to remediate the smoke damaged wood with dry ice, but were unsuccessful in their attempts.  Kauffman then hired ServPro of Champaign-Urbana to remediate the wood with soda blasting, but they too were unsuccessful  (*Id*.)  Erie hired Russ Erlinger Construction Co., Inc. to provide an estimate for the repair of the building but later denied Erlinger's bid and sent Kauffman to inspect the amount of damage and prepare a preliminary estimate of repair costs (*Id*. at ¶ 9-10).  Lavaland hired Genco Construction to prepare an estimate of repairs which Lavaland alleges was the only complete estimate to repair all of the damage caused by the fire (*Id*. at ¶ 11).  Kauffman provided a second estimate of the repairs, suggesting that the walls could be cleaned and a false roof installed to cover the burnt and smoke damaged wood.  Kauffman sent the Richardson Engineering Group, Inc. to review the building and determine if installing a false ceiling was structurally viable (*Id*. at ¶ 12).

In August, 2008 Erie replaced Kauffman with "Senior Property Claims Specialist" Trevor Rittick who, without seeing the damage to the building, provided an estimate that repair costs should not exceed $83,200.33, a figure Lavaland alleges is far lower than the estimates provided by both Genco and Kauffman (*Id*. at ¶ 13).  Lavaland alleges that Erie rejected Genco's estimate on the erroneous belief that Genco's estimate required nominal lumber as opposed to dimensional lumber (*Id*. at ¶ 14).  Rittick also allegedly refused the estimate because it recommended the roof be removed and replaced, but Lavaland argues that the roof must be replaced

because much of the decking, rafters, and support are charred.

Lavaland's Complaint alleges breach of contract against Erie, arguing that Erie breached their contract in numerous ways by, among other things, rejecting and refusing to approve estimates, refusing to repair the entire roof, insisting upon the lowest estimate even though it was written by Rittick who had allegedly never seen the building, and failing to provide for mold remediation.  Count II of Lavaland's Complaint also alleges that Erie has violated § 155 of the Illinois Insurance Code.  In its Complaint, Lavaland alleges that the Court had jurisdiction based on diversity jurisdiction (Doc. 2 ¶1).  Plaintiff alleged that it was an Illinois limited liability company while Erie Insurance Exchange was an alleged foreign insurance company having its principal place of business in Pennsylvania.

Defendant has filed a motion to dismiss for lack of jurisdiction, arguing that this Court does not have diversity jurisdiction over this action as Lavaland is a citizen of Illinois (Doc. 7).  Plaintiff does not dispute that diversity jurisdiction is lacking, but instead has filed a motion to amend its Complaint in order to proceed against the diverse members of Erie (Doc. 11).  Defendant has filed a response, opposing Plaintiff's motion to amend the Complaint (Doc. 16).  Plaintiff has filed a reply (Doc. 18).[1]

---

[1] While the Court has considered Plaintiff's reply to Defendant's response to the motion to amend, the Court finds the arguments presented to be disingenuous.

### III.   Discussion

**A.     Legal Standard**

      Defendants' Motion is made pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)**, which allows a party to raise as a defense, by motion, a federal court's lack of subject matter jurisdiction over Plaintiff's claims.  **FED. R. CIV. P. 12(b)(1)**.  The Seventh Circuit has stated that although a plaintiff may easily defeat a Rule 12(b)(6) motion to dismiss for failure to state a claim, the same is not true for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.  ***Bastien v. AT & T Wireless Services, Inc.*, 205 F.3d 983, 990 (7th Cir. 2000).**  When a defendant makes this challenge, the plaintiff bears the burden of establishing jurisdiction.  The Court must "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff."  ***St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (citation omitted)**.  Yet, if necessary, the Court may also look beyond the jurisdictional allegations to evidence outside of the pleadings to determine whether federal subject matter jurisdiction exists.  ***Id.* (citations omitted)**.

**B.     Analysis**

      Defendant has filed a motion to dismiss for lack of jurisdiction, arguing that this Court does not have jurisdiction because Plaintiff Lavaland and Defendant Erie Insurance Exchange are both citizens of Illinois.  Plaintiff's Complaint alleges that this Court has jurisdiction over this case pursuant to **28 U.S.C. § 1332(a)** and

that both parties are diverse because Lavaland is a limited liability company with its principal place of business in Illinois and Erie is a foreign insurance company with its principal place of business in Pennsylvania (Doc. 2 ¶2 &3).  However, Defendant argues that it is a reciprocal insurance exchange organized under the Insurance Company Law of Pennsylvania and that control of the insurance exchange is vested in its subscribers, some of which are citizens of Illinois.

**28 U.S.C. § 1332** provides that a district court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different states."  When determining diversity jurisdiction, a corporation is considered a citizen of the State its incorporated in and the State where it has its principal place of business.  However, an unincorporated business is a citizen of the state where its owners, partners, or other principals are located.  ***Meyerson v. Harrah's East Chicago Casino*, 266 F.3d 616, 617 (7th Cir. 2002)**.  The citizenship of such an association must be traced through "however many layers of partners or members there may be." ***Id.***

Here, Erie is a reciprocal insurance exchange organized under the Insurance Company Law of Pennsylvania.  Control of this organization is vested in its subscribers or policyholders.  Further, Erie's subscribers are located in Indiana, Illinois, and Wisconsin. ***See Olson v. Lacey*, No. 06-C-456-S, 2006 WL 3017486, *3 (W.D. Wis. Oct. 19, 2006)**.  As Erie correctly points out, because it has

subscribers in Illinois, it is considered a citizen of the State of Illinois.  Therefore, the Court does not have jurisdiction.

Plaintiff does not deny that Erie has subscribers which are citizens of Illinois.  Instead, Plaintiff has filed a motion for leave to amend the complaint (Doc. 11).  Plaintiff argues that it is willing to go after only the diverse subscribers of Defendants and that the non-diverse members are not indispensable parties to this action.[2]  Plaintiff cites to ***Kaplan Co. v. Industrial Risk Insurers***, **86 F.R.D. 484 (E.D. Penn. 1980)** for its proposition.  In ***Kaplan Co.***, the District Court for the Eastern District of Pennsylvania dealt with the issue of whether a plaintiff could preserve diversity jurisdiction by suing only the diverse members of an unincorporated association.   The defendant in that case was an amalgam of insurance companies which joined together to underwrite large risks which a single insurance carrier would not underwrite.  ***Id.* at 485.**  The district court determined that plaintiff could amend its complaint to sue the diverse members of the amalgam after first dismissing the association.   The Court noted that under the policy agreement, individual members were individually liable on any policies issued through the association.  ***Id.* at 489.**  In doing so, the court noted that other courts had allowed plaintiffs to sue only diverse members of a partnership, finding that citizenship was determined by those partners actually joined in the case.  ***Id.* at 488**

---

[2]  The Court notes that Plaintiff has not stated how the non-diverse members are not indispensable parties to the action.  Plaintiff has cited ***Kaplan Co. v. Industrial Risk Insurers***, **86 F.R.D. 484 (E.D. Penn. 1980)** for its proposition that it can amend its complaint to proceed against the diverse members of the insurance exchange.

(*citing Hamond v. Clapp*, 452 F. Supp. 885 (S.D.N.Y. 1978).

However, this case is distinguishable from the situation presented in *Kaplan*. Here, Plaintiff has asked for leave to amend its complaint by proceeding against the diverse members of Erie. Plaintiff's amended complaint lists as a Defendant, Non-Illinois Citizen Members of Erie Insurance Exchange. Plaintiff has not listed any of the individual members, but instead wishes to proceed against all members of the Erie Insurance Exchange who are not from Illinois. However, as the Seventh Circuit has pointed out, an entity is in or out as a unit, a plaintiff can not simply dismiss certain members of the entity. ***See Indiana Gas Company v. Home Insurance Company*, 141 F.3d 314, 317 (7th Cir. 1998) (The Seventh Circuit found that the plaintiff's offer to dismiss the names who were non-diverse would not remedy the diversity issue presented by a syndicate that underwrites insurance as the names were not parties and could not be dismissed. The Seventh Circuit noted that the plaintiff could no more dismiss the individual names to the syndicate as it could sue a partnership and dismiss non-diverse partners.). *See also Carden v. Arkoma Associates*, 494 U.S. 185, 110 S. Ct. 1015 (1990) (diversity in a suit against an entity depends on the citizenship of all of its members, not some of them).**

Further, the case here is factually distinguishable from Kaplan. While in *Kaplan*, the plaintiff sought to first dismiss the association before adding the individual diverse members, here Plaintiff has not sought to dismiss Erie Insurance

Exchange as a party.  Plaintiff's amended complaint still lists Erie Insurance

Exchange as a defendant to the case, although Plaintiff states that it is only the non-

Illinois members of insurance exchange that it is being sued.   However, diversity

depends on the citizenship of all the members of an entity.  Since Erie Insurance

Exchange is still listed as a Defendant, the Court must look at all of its members for

diversity purposes and, as stated earlier, some of those members are citizens of

Illinois which destroys diversity.   Further, in *Kaplan*, the defendant was a

association made of numerous individual insurance companies who were liable in

their individual capacities under the agreement.   In this case, Erie is a single

insurance carrier and Plaintiff has not shown how any of its members, like in

*Kaplan*, could be liable individually on Erie's policies.  Therefore, the Court **DENIES**

Plaintiff's motion to amend its Complaint.

## IV.   Conclusion

Accordingly, the Court **GRANTS** Defendant's motion to dismiss for lack

of subject matter jurisdiction and **DISMISSES** Plaintiff's claim **without prejudice**.

Further, Plaintiff's motion to amend (Doc. 11) is **DENIED**.


**IT IS SO ORDERED.**

Signed this 22nd day of September, 2009.

/s/      *David R Herndon*

**Chief Judge**
**United States District Court**


Page 8 of  8